IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MICKEY VERCHELL SHANKLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01221-STA-jay |
| | ) | |
| HILTON HALL, JR., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ORDER DIRECTING CLERK TO MODIFY RESPONDENT,
DISMISSING § 2254 PETITION WITHOUT PREJUDICE,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Mickey Verchell Shanklin has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  The Petition is before the Court for preliminary review.  *See* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*.  For the following reasons, the Petition is **DISMISSED** without prejudice.[1]

A federal court may not grant a writ of habeas corpus on behalf of a state prisoner unless, with certain exceptions, the prisoner has exhausted available state remedies by presenting the same claim sought to be redressed in a federal habeas petition to the state courts.  28 U.S.C. §§ 2254(b)-(c); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Ordinarily, a prisoner must exhaust each of the claims he intends to present in a federal habeas petition before the petition is filed.  *Rose v.*

---

[1]  The Clerk is **DIRECTED** to substitute Hilton Hall, Jr., for the State of Tennessee as Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Fed. R. Civ. P. 25(d).

*Lundy*, 455 U.S. 509, 520 (1982) ("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.").

Although the Court has discretion, in limited circumstances, to stay "mixed" petitions containing both exhausted and unexhausted claims, *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Petition in the present case is not mixed, as none of the claims presented has been exhausted. The Petition reflects that Shanklin is challenging his convictions obtained in the Madison County Circuit Court on August 12, 2019, and that his direct appeal is pending before the Tennessee Court of Criminal Appeals.   (ECF No. 1 at 1, 2.)   A search of the Tennessee Appellate Court website confirms that Petitioner's direct appeal has not yet concluded.

Because the Petition is premature, it is **DISMISSED** without prejudice to its refiling after state-court proceedings have concluded.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).   A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2)-(3).   A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"   *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether

2

the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[2]

 **IT IS SO ORDERED**.

       s/ S. Thomas Anderson
       S. THOMAS ANDERSON
       CHIEF UNITED STATES DISTRICT JUDGE

       Date: June 5, 2020.

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

3